The opinion of the Court was delivered by
Glover, J.
In January, 1858, L..D. Johnson made two promissory notes, each in the sum of fifty dollars, payable to E. W. Connor for the rent of a house and land in Cokes-bury: One payable 1 June, and the other December 25, 1858. On 13 December, 1858, Joseph T. Moore, then being the sheriff of Abbeville District, by virtue of sundry executions levied upon some real and personal property, not including *350 slaves, belonging to the said L. D. Johnson, and .advertised the real estate to be sold on first Monday in January, at the court house, and the personal property to be sold on the premises a few days after. After the levy, L. D. Johnson executed a penal bond to the sheriff with a condition to produce the personal property on the day of sale, and before that day, removed it from the demised premises. On the 3 January, 1859, and before the sale, E. W. Connor, the landlord, gave notice to the sheriff of the two notes which he held against Johnson for rent. The sheriff sold the real estate in January, and from the proceeds of sale- satisfied all the executions in his office against Johnson, except a balance cjue on one in favor of Roberts & Adams, and having failed to sell the personal property according to his advertisement, Connor requested him to do so, or to sell so much thereof as would satisfy the rent due to him. The sheriff again advertised the personal property to be sold in February ; but, in the meantime, the fi. fa. in favor of Roberts & Adams having been satisfied, he refused and ever after refused to sell the said personal property, or to pay the rent.
To a rule served upon him in this matter, the sheriff made a return, relying upon the facts above stated, in justification of his refusal to sell, or to pay the rent. At Spring Term, 1859, at Abbeville, the return was heard by Whitner, J., who after argument dismissed the rule, from which an appeal is taken to this Court, to reverse the order made by the circuit judge.
The appellant’s grounds submit two inquiries:
1. Whether the sheriff has become liable by the removal of the. personal property from the demised premises without paying the rent.
2. Does his liability include the year’s rent due when the notice was given, or only such rent as was in arrear when the levy was made.
*351 Goods and chattels seized in execution on the misdeed premises are within the Statute 8 Anne, ch. 14, sec. 1, which provides, that such goods and chattels shall not be liable to be taken by virtue of any execution, unless the party at whose suit the said execution is sued out shall, before the removal of such goods from off' the said premises, pay to the landlord of the premises, or his bailiff, such sum as is due for the rent of the said premises at the time of the taking such goods and chattels; provided such arrears of rent do not amount to more than one year’s rent. Although the statute provides that the party at whose suit the execution is sued out shall pay the rent; yet, if the sheriff remove the goods he is liable to the landlord, who may proceed against him, either by a special action on the case, or by a rule, which is expressly authorized by the Act of 1839, (11 Stat. 36, sec. 54.) If the sheriff, unless the rent be paid or tendered, shall after levy remove the goods from the premises, he becomes liable for the rent, because by the act of removal he has defeated the landlord’s remedy by distress; but it is urged, in this case, that the remoyal was by the tenant in whose possession the goods were left by the sheriff, to be produced on the day of sale. They were in custodia legis and whether the sheriff removed them, or by his act after levy, permitted them to be removed, he is responsible to the landlord. Except for the production of slaves the bond which he took from the debtor in execution is not authorized by law. As a voluntary bond Johnson and his surety may be liable for the breach of its condition; but where a sheriff after levy enables the defendant in execution to defeat a lien attaching on the property in favor of a landlord for rent, he will be held liable. The consequences of the removal of the goods by the defendant will be visited on him. In Smallman vs. Pollard, referred to in the argument, the sheriff had conveyed the goods to the plaintiff in the execution, and in an action by the landlord against the *352 sheriff’ for removing the goods, it was held that the mere execution of a bill of sale by the sheriff was not proof of removal, (46 Eng. C. L. B. 1001.) But in that case there had been no removal by the sheriff’s vendee, and the landlord' may have distrained, as the goods, although sold, were still on the premises. Whereas in the principal case, the tenant in whose possession the goods had been left by the sheriff, actually removed them. It seems to.have been admitted in Smallman vs. Pollard, that if there had been a removal the liability would have attached, and we perceive no difference between the sheriff’s vendee and his bailee. The landlord has lost his right to distrain by the act of the sheriff after levy. As the removal of the goods was the consequence of the sheriff’s permission given to Johnson to retain possession, he must assume the responsibility that attaches to the removal.
The next inquiry is the exteut of his liability. When the notice was given, the year’s rent was due, and it is contended that to this extent the sheriff is liable. By the Statute of Anne, the rent in arrear at the seizure of the goods is the measure of damages, because if the execution creditor then pay the rent, the goods may be sold to satisfy the execution, discharged from all lien for the accruing rent. But it is supposed that the Act of 1839, (11 Stat. 36, sec. 54,) has extended the time - and that rent in arrear when the notice is given may be demanded. The Act only provides a remedy by rule against the sheriff, provided notice of the claim be given before a sale of the goods. It has been expressly held since the Act of 1839, that the landlord can claim payment only of the rent due at the time of the sheriff’s seizure. (Ayers vs. Depras, 2 Speer, 367.) The appellant’s motion is therefore granted and it is ordered, that unless the said Joseph T. Moore shall pay to E. W. Connor, the sum of fifty dollars with interest, from the 1 June, 1858, within thirty *353 days after the service of this order, an attachment shall issue against him, marked with that sum and interest as aforesaid.
O’Neall, Wardlaw, Whither, and Munro, JJ., concurred.
Withers, J., absent at the argument.

Motion granted.